# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2011

No. 10-40736
Summary Calendar

Lyle W. Cayce
Clerk

JODY BLAKE; JAMES WILLIAM ELMORE,

Plaintiffs-Appellants

v.

METROPOLITAN LIFE INSURANCE COMPANY;
JACKIE DOSS-ELMORE, individually and as Independent Administratix
of the Estate of James Hugh Elmore,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-373

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants appeal the district court's summary judgment for Defendants-Appellees. Appellants originally filed this suit in state probate court, purportedly seeking a clarification on the marital status of Appellee Jackie Doss-Elmore and James Hugh Elmore, deceased. Appellees removed the case to federal court based on ERISA preemption. The district court held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40736

the suit was governed by ERISA and that Defendant-Appellee Metropolitan Life Insurance Company's determination of a common-law marriage between Doss-Elmore and James Hugh Elmore was supported by substantial evidence in the administrative record. We review the district court's judgment *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), and affirm.

1. Plaintiffs-Appellants first argue that the district court erred when it determined that ERISA preemption applied. They contend that the determination of marital status was strictly a state law claim not subject to ERISA. Moreover, they argue that pursuant to an unpublished Tenth Circuit case,[1] MetLife may not disregard conflicting information about marital status. The district court found that Appellants' state law cause of action was preempted under ERISA § 502(a)[2] because it could have been brought under ERISA's enforcement provision and no other legal duty supported the claim. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210–14, 124 S. Ct. 2488, 2496–98 (2004). The district court distinguished the Tenth Circuit case because under those facts, the plan administrator knew of the pending state court suit and disregarded it in violation of the plan, whereas here MetLife had already made a final determination and distributed the funds before Appellants filed their suit. For the reasons articulated by the district court, we agree. Appellants' state law cause of action was preempted because the declaration of marital status arose from no separate duty and could have been brought under § 502(a) "to recover benefits due" Appellants.

---

[1] *Smith v. New Mexico Coal 401(K) Personal Savings Plan*, 334 F. App'x 150 (10th Cir. 2009) (unpublished).

[2] "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

No. 10-40736

2.    Appellants next argue that the district court erred when it stated that Appellants had bypassed the administrative process in favor of litigation. Appellants also contend that the district court erred in its recitation of the facts when it stated that MetLife had notified Elmore that his claim was denied and provided both Blake and Elmore with the reasons for the denial. Appellants appear to imply that these lapses in procedure violated the procedural requirements of ERISA, providing for notice of adverse decisions and an opportunity to an administrative appeal.[3] Even assuming that MetLife failed to follow ERISA's procedures, no remedy Appellants seek would result in a reversal of the district court's ruling. By pursuing their claim in federal court, including arguing that MetLife's procedural irregularities prejudiced them, Appellants have already received any remedy due to them on these facts.

3.    For their third issue, Appellants argue that the district court erred when it reviewed MetLife's determination of benefits for an abuse of discretion. First, Appellants contend that MetLife is not the plan fiduciary as required to receive an abuse of discretion review. And second, Appellants argue that MetLife's determination is entitled to no deference because of a conflict of interest. Both arguments fail. Because of the functions MetLife performed with respect to the plan, under Fifth Circuit law, MetLife is an ERISA fiduciary. *See Reich v. Lancaster*, 55 F.3d 1034, 1047 (5th Cir. 1995) ("The authority to grant, deny, or

---

[3] Under 29 U.S.C. § 1133, every employee benefit plan must:

>    (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

>    (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

§ 1133.

review denied claims can . . . make one a fiduciary."). Therefore, MetLife's factual determination that Doss-Elmore and James Hugh Elmore were married at the time of his death is reviewed for an abuse of discretion. Appellants' conflict of interest argument is immaterial here because MetLife did in fact pay the benefits—just not to Appellants. A conflict may be significant when an administrator refused benefits. The district court properly applied the abuse of discretion standard.

4.      Lastly, the Appellants argue that the district court erred when it held that MetLife's benefits determination was based on substantial evidence. "Under the abuse of discretion standard, '[i]f the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail.'" *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007) (quoting *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 398 (quotation omitted). Appellants argue that the letter denying benefits does not contain a sufficient rationale to support the denial. However, we review MetLife's determination based on the facts in the administrative record, which contains all information made available to the administrator. *Id.* at 398 n.12. And, we agree with the district court that the evidence in the administrative record as a whole supports MetLife's determination.

AFFIRMED.